**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| NORBERTO PEREZ AROCHO, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action |
| | ) | No. 11-3207-CV-S-RED-H |
| JUAN CASTILLO,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he complains about his conditions of confinement. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636 (b). Because petitioner has not exhausted administrative remedies, it must be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that staff members at the Medical Center confiscated his legal and personal property in retaliation for him having previously filed a lawsuit. He contends that the confiscation caused him to miss a court deadline in another pending civil case; he also asserts that a Medical Center Use of Force Team assaulted him after he threw coffee on an officer, causing injury to his left eye; and that he was placed in a mental health unit at the Medical Center twice, which prevented him from sleeping due to noise.

After a Show Cause Order, a Response was filed. Subsequently, counsel for petitioner filed a motion to withdraw. Petitioner was afforded additional time to file a traverse, which he did, in

---

[1] The name of the current warden at the Medical Center, Juan Castillo, has been substituted for that of the former warden, Marty C. Anderson.

which he asserts that he has exhausted administrative remedies. Additionally, it should be noted that subsequent to having filed the petition herein, petitioner advised his counsel that his legal paperwork had been returned to him, and he is no longer housed in a mental health unit. He indicated that he wished to pursue him complaints regarding harassment and retaliation from BOP employees, stemming from a civil lawsuit he has filed. He also filed an additional declaration on June 6, 2011, stating, among other issues, that he is being mistreated by not being provided proper clothing, food, recreation, sleep, and interaction with other inmates. He also complains that BOP staff filed a false incident report against him, and denied him a transfer.

According to respondent, petitioner has not exhausted administrative remedies on these issues, and a review of the record supports this position. While he is pursuing administrative relief on some of the issues he has raised, he has either not fully and/or not properly exhausted the administrative remedy process. Additionally, it does not appear from the record before the Court that he has actually begun the process on some of his claims. Regardless of the merits, if any, of petitioner's complaints, a full review of the record indicates that he has not fully exhausted administrative remedies on these issues.

The law is clear that petitioner must exhaust available administrative remedies. Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). Because petitioner has failed to exhaust administrative remedies available to him, the Court finds that it must be recommended that he be denied leave to proceed in forma pauperis.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[2]

---

[2] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be, and is hereby, dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
UNITED STATES MAGISTRATE JUDGE

Date: 8/8/11